Okay, now we are recording. Good morning, Your Honor. The first case on the docket this morning is 2-21-0734. The people of the state of Illinois plaintiff appellee being Maurice O. Wilson, defendant's appellant, arguing on behalf of the appellant, Ms. Jessica Ariso, argument for the appellee, Ms. Mary Beth Burns. Thank you. Ms. Ariso, you may proceed. Thank you. May it please the court. Jessica Ariso, Office of the State Appellate Defender, on behalf of Maurice Wilson. At the outset here, I want to make it clear that although in this case we are arguing that Mr. Wilson has standing to file his post-conviction petition asserting his claim of actual innocence, we're not making an argument that all defendants have standing to file a post-conviction petition merely because they are subjected to the requirements of SORA. This case involves an unusual set of circumstances where in 2001, when Mr. Wilson pled guilty to a single count of child pornography, he had a negotiated plea agreement with the state, which included the requirement that he register as a sex offender. When the judge pronounced the sentence following the acceptance of the guilty plea, the judge also stated that the terms of sentence included the registration requirement. This was also appeared in the written judgment order. These facts distinguish this case from other prior cases that have found that a defendant does not have standing to file a post-conviction petition because they are under the requirements of the SORA registration. Just to clarify, let me ask you a question to clarify your position. You seem to be saying that because the registration requirement was somehow incorporated into a plea agreement, that that automatically gives the defendant standing. Now, in most cases, well, in all cases, it's a collateral consequence of the sentence of the defendant being convicted of the triggering offense. If a defendant is convicted of a triggering offense, that registration is mandatory. The judge has nothing to do with that. The judge has nothing, no control over that. Would you agree? Yes, yes, that's correct. And the statute does trigger the registration. But in this case, the judge included it in the judgment order, and it was part of what the defendant bargained for in this negotiated plea. But if the judge hadn't done that, he still would have been required to register, correct? If the judge hadn't said nothing about it, there was no plea agreement, the law would have required him to register, correct? That is correct. But if the judge hadn't advised him, we'd be here on a different issue, wouldn't we? That the judge didn't advise him that he had to register as a sex offender. Was this indeed his first post conviction petition? Yes, it was. The record shows that the several motions that were to get clarification for regarding his sentencing requirements, they weren't under a particular statute. The defendant put in his petition that this was that he had filed a prior post conviction petition. But because the record shows that's not true, it seems more likely that he believed that the prior to 1401 petition he filed was a post conviction petition given that it is a petition filed after a conviction. In layman's terms, people might not distinguish between something under the act versus a 214-01 petition. And because of that, then when the judge said, well, did you file a post conviction petition before? He said yes, but the judge didn't clarify, was this under the act? The judge didn't apparently look through the record of the trial file, a court file, the docket sheets, which show no prior filing of anything titled post conviction petition or anything under the act. Well, the defendant was mistaken. The defendant mistakenly advised the trial court that he had filed a post conviction petition before. But what does that have to do with it? Would that excuse the judge from making a ruling that was obviously erroneous, he did not file one previously? That would be of no consequences of the defendant's admission, wouldn't it? Well, we would argue that, you know, the law says that you should take a lenient eye on the interpretation of, you know, we have a pro se defendant here, you should be looking at taking this with a lenient eye towards the defendant, right? So, although he did make that mistake, the defendant, as I said, it's, you know, we can't expect a pro se defendants to understand enough about the law to know that he's, the judge is asking him about something specifically under the post conviction act. Was the state arguing in this case that the fact that he mistakenly told the judge you previously filed a post conviction act, somehow obviates the necessity of complying with the law? The state did not respond to any of the issues in this case, other than standing. So I don't, I believe that's considered, can be considered a concession of the issues on their part. I don't know what they would have argued had they responded to the issues. But like I said, they did not in their brief. So then I wouldn't spend a lot of time arguing that there's a problem with that. Because the fact is, he didn't file the previous post conviction petition. Right? No, he didn't file a previous post conviction petition. And because he didn't, the judge in this case should have treated this petition as a first stage initial post conviction petition and ruled on it using that standard, rather than the standard of that of a successive post conviction petition. Does the judge have the authority to abrogate the statute? I'm sorry, which what which what are you asking? Does the judge have the authority to invalidate or abrogate cancel void the statute? Which statute are you referring to? Are you talking about the statute that requires him to report? Oh, so you're talking about the standing issue? I'm sorry to clarify. Well, I'm not talking about talking about does the judge have the authority, the original jurisdiction, the subject matter jurisdiction to void the statute? I don't we aren't asking that the judge void that isn't the point. If he doesn't have the authority to do anything relative to enforcement of the statute. What is the point of this litigation? That well, he the the because the petitioner is arguing that he has a actual innocence that his original conviction should not have occurred, based on the fact that he found out later that the only evidence they had against him was a single file found in the temporary files of his computer. So this is a matter of due process. And let me ask you a question about that. Sure. I know there's a case that talks about it's in your temporary files. And it tends to assume that if it's in a temporary file, instead of a permanent file, that the defendant is unaware of the presence of the photograph or video on his computer. Would you agree with that? That that's the that's the basis for why a temporary file is not enough for a finding of what about the fact that he showed the babysitter? The photograph? Well, he would tend to negate and refute the argument that he didn't know that the photograph was on his computer. Well, you're talking about what was in the factual basis. Obviously, this was a guilty plea. So we don't have evidence that was presented at trial. So right now, we need to show an arguable basis of actual innocence. Does a guilty plea waive the defects or the arguments that you're making right now? No, I'm under read the defendant can can file a post conviction petition of showing actual innocence, even though he filed. He pled guilty. Well, couldn't we affirm on any basis. And one of the basis is is that the record refutes the argument up to the relative to the authority that you're citing. The areas you're talking about the fact that the factual basis says that the what you if you take your argument and you reduce it to absurdity, absurdity, which is a Latin phrase called reductio ad absurdum. It means that in the future, any defendant who has child pornography on his computer can avoid conviction by keeping it in a temporary file. That's not no, that's not correct. Because what the Joseph Itis case says is the mere presence of it in the file alone is not enough. But then at trial, the the state prosecutor can show additional evidence and they, you know, they outlined some things that they could have shown, such as the defendant admitting he saw the picture, you know, in a statement or the defendant, the other forensic ex evidence on the computer showing that he had searched for child pornography or other websites had been opened on his computer. That's basically what the Joseph Itis says is the mere presence of it in the temporary file, which is what we have here is not enough in the absence of more. And here because there wasn't a trial, we don't have a showing that, you know, that what this complainant told the police is true. Mr. Wilson in the affidavit accompanying his petition petition has denied that he told the police what they said he was told. And at the time of his guilty plea, he was asked by the judge is this what happened after the sexual basis was read? And he said no, but that he wanted to plead guilty because he wanted to go get home and see his child. So we are, you know, way back then we had a question of, you know, was there more is there was there actual evidence to show beyond this file that he actually sought out and obtained viewed child pornography? And that's a question left for a trial because there needs to be proof of that in order to in order to show that he had voluntary possession of the child pornography. Did the judge admonish the defendant that he would have to register pursuant to statute? I'm not sure if that's the language the judge used. I don't recall. Let's assume that he did. Okay. Are you asking if that would change the situation or if he said that, then isn't the defendant charged with knowledge of what the statute requires? And if he is, why didn't he move to vacate his plea quickly? He did. What's he did? How quickly did he do it? Um, I don't recall, but it was, it was, I mean, the timely withdrawal of guilt motion for withdrawal guilty plea, um, based on the fact that he didn't understand, um, what he was pleading guilty to, and he didn't understand the requirements that these are you saying you did it within 30 days of the entry of sentence? I'm saying, I believe it was timely. Yes. I don't, I don't have the denial thereof. I don't believe so. Mr. Rizzo, can I ask you, what is it that you're asking us to do here today? Reverse for, uh, leave to file that post-conviction petition? Um, or what, I, I'm not sure what it is you're asking. Sure. Yeah. We, uh, we're asking that it be remanded for second stage proceedings, um, that, you know, an appointment of counsel and that he may move forward on his actual claim, uh, with the aid of counsel. Um, so we don't even really need to get to the issue, any issue today other than did, did the court error in not require, not allowing him to file post-conviction petition? Um, correct. Thank you. Um, and I, and I would like to, um, point out one other thing that, um, back to the, uh, standing issue, um, that, um, the state has argued in their brief that, um, that Johnson stands for the proposition that if you are, uh, that, that a first stage dismissal or dismissal for standing grounds is appropriate. Um, and I just would like to point out that later language within Johnson itself talks about, um, how that's not always the case in every, in every instance that in certain situations where if it's not, it's clear about the standing, if there is a more of an arguable issue that maybe there is standing as we've argued in this case, then it's not appropriate to, um, dismiss it summarily. And, um, because that was a case that involved the affirmance of summer, um, of a case of the summary dismissal based on standing, it's a little bit factually different, different than here where the standing issue was never actually broached below. Um, but we would just argue that the Johnson case does support that in certain circumstances, it should be moved to the second stage. Um, if there's a question regarding standing. And again, your position is the circumstances here are that as part of a plea Yes, that's correct. Um, based on, based on the language in Rodriguez, as we stated in our brief that, um, it, because it's not an operation of law, I was actually part of the judgment in the order of the court. Um, that, that, that gives him standing here. Yeah. I think your reliance on Rodriguez is clearly misplaced in Rodriguez, the defendant, after being found not guilty of aggravated criminal sexual assault, there was no triggering offense that he was convicted of the court there and it's discretion ordered him to register. Isn't that correct? Right. That's true. I think he was found not, not guilty. Right. Um, that's cracked collateral consequence of the, of the guilty plea. Was it not? Well, I mean, as, you know, as I argued in the brief, that's, that's what the courts have found before that it's a collateral consequence, but collateral consequence means separate from the judgment separate from the sentence. And that's, you know, that goes back to the basis of our here. It was part of his sentence and it was part of this plea agreement. And it's not just the statute. It was part of the, the order of the court and the judgment of the court. Well, rather, whether the court says it or not, it's still a part of the sentence. Is it not? Whether it's indicated by the court or whether it's collateral consequence. Well, well, I mean, I believe it's, it's a collateral consequence. It's considered separate from the sentence. And here we're arguing that it's not collateral. It is part of the sentence because, because it was part of the plea agreement and the part, and because it was in the judgment. So how does this compare to mandatory supervised release? Isn't that triggered by statute? Right. So standing, do you have standing if you are under mandatory supervised release? Um, I'm sorry, I'm not understanding your question. Well, isn't that also automatically imposed? It's a collateral consequence as well. Right. Right. It is. Right. The courts often say you're going to get, you know, this sentence with three-year mandatory supervised release. So they made it in your argument, a part of the sentence. I mean, I mean, I guess it's a little, it's different here because it was, um, part also of the negotiated plea agreement. It's not just what the judge said at sentence. It's when the parties came forward and said, judge, we have an agreement. And these are the provisions that we're agreeing to that included the registration. My recollection was in the first case. And I think it was Whitfield, but I'm not sure of the name. The, uh, the defendant was not admonished about MSR and he moved to vacate the guilty plea on the basis that, uh, that wasn't part of the bargain. And he wasn't admonished that it had to be served. And what the Supreme court did was they felt that they could not abrogate the statute. So what they did was they reduced the sentence according to the same number of years. So what ended up happening was the defendant got out of prison sooner, but still had to, uh, uh, follow or comply with the, uh, so even in that situation, the collateral consequence was taken into consideration and the sentence was affected, not the collateral consideration. So what is the trial judge supposed to do? Mr. Rizzo, when they're confronted with this state wants to make this as part of a, uh, acknowledgement. So the defendant is aware of the consequences. So then there's the trial judge by, by acknowledging this as part of the agreement convert standing in every case automatically, because in your theory, it becomes a part of the sentence imposed by the judge, right? Well, if it is part of the actual agreement that they've come to terms with this, rather than just a notification that there is a statute to this effect, that that's a different situation. If they're just presenting the defendant after the plea is over paperwork that indicates that they have to register under the the parties. Then he comes into court on an appeal and says, the court never advised me that I had to register as a sex offender, right? There's a, I don't, I don't, I don't, I'm unaware of that. Um, if that's been decided by the courts, I must, I'm assuming that the court would determine that, um, because it's under statute mandatory, they didn't have to advise by it. Right. I agree with you. But what I'm saying is you're damned if you do and you're damned if you don't, if you don't advise them, then they're coming into court saying I wasn't advised and filing an appeal saying I wasn't advised just like they did in Whitfield on the mandatory supervised release, even though it was a collateral consequence of the sentence. So I guess my point is the defendant is going to be back here one way or another, whether it's read to them in court or whether it's not read to them in court, whether the state indicates that collateral consequence as part of the sentence, which it is, whether you say it or not. Do you, do you understand my dilemma? I do, but I mean, it, it seems to me that the scenario, if they're coming and saying that they weren't advised, I don't, I don't believe that that would, that would not lead to any successful appeal on their behalf. Um, and that's not, again, that's not the situation we're talking about here. This is a very unique situation that doesn't apply in many instances where, uh, it was part of the actual agreement. Your time is up. Are there any other questions? No, thank you. Okay. Thank you. We were just asking that, uh, we, uh, that the court remand for second stage proceedings. Thank you. If the record reflects that there is more than a mere containment in a temporary file, do you lose the appeal? Um, I, at this stage, I believe that it, that there's not that evidence and it would need to go for additional proceedings. But if you're asking if the overall actual innocence claim would fail eventually, if there was additional evidence, that's probably the case. Um, but that, that does not seem to be here in this case. We do not have, um, we don't have that evidence that the Josephitis case discussed. If the case is dismissed at the first stage and it's dismissed because the record indicates that the allegations in the petition are not true or haven't been established with sufficient, uh, certainty, then the trial court is supposed to dismiss the petition. And if we're supposed to be doing de novo review, why can't we do that as well? And if we can determine that there is more in the record than a mere temporary file, then we have the right under de novo review to affirm the dismissal on any grounds, or at least on that ground. Well, but I'm sorry. I mean, at this stage, the petitioner just needs to show an arguable, an arguable claim of actual innocence. He doesn't need to prove that the record, um, you know, is a hundred percent going to eventually pan out to be showing that he's, that there's no evidence against him. You know, this court is tasked with determining whether or not he had an arguable, arguable claim of actual innocence, not whether or not down the road, maybe there would be evidence that would prove that he, that he, that would, would go against his claim. If we determine that either the plea of guilty waive the issue of guilt and, or that the record refutes the, uh, the mere temporary containment, you know, uh, a temporary file, uh, is insufficient. If we determine that is not, uh, pardon me, if we determine that that is refuted by the record, then it means that the trial court did not commit error because the defendant hasn't established that he is innocent, uh, with any, uh, prima facie or allegations to state a cause of action. If that's the case, isn't this case moot? Because if he's not innocent, there is no possible grant of relief that the trial court can give to abrogate the enforcement of the statute. Well, I mean, again, at this point, he does not have to show that he is innocent. He only has to show an arguable claim of actual innocence, which, which has been done here with the, um, with the arguments that he's made, um, inciting to the Josephitis case. Thank you. Any other questions? Thank you. Thank you. You'll have an opportunity to make rebuttal. Thank you. Ms. Burns, you may proceed. Good morning, your honors. May it please the court. My name is Mary Beth Burns and I represent the people of state of Illinois. We come before this court this morning to ask you to affirm the judgment of the circuit court below, not allowing the defendant to file his petition. I have two, two introductory comments. The first is an apology to this court for coming here looking like I think it's Halloween and I'm the mummy. Um, and I apologize. And the other comment is I totally agree with counsel's comment in a reply brief that we did not, and she raised it again here, that we did not respond to the merits of her claim. The reason we did not respond to the merits of the claim is that we believe that this case rises and falls on standing and the defendant simply does not have standing. Standing under this post conviction hearing act requires restraint of this case is 20 years old, more than 20 years old. Actually, he simply has no standing. And the fact that counsel would like the, the underlying claim under the SORA statute to be part of the plea agreement is simply untrue. The fact that he was admonished cannot make it part of the agreement because the trial court nor the part, neither the trial court, nor the parties, have any control over how it operates. The trial court cannot say, gee, you're a good guy. You're nice enough to plead and you're accepting responsibility. So I'm not going to make you register. The trial court does not have that authority to either impose it or to not impose it. So it, so it operates independent of the plea agreement. So it simply cannot be part of the saying, this is not a substantial infringement on liberty. The fact that the defendant believes that it's an infringement on his liberty does not convert it as part of the plea agreement to the extent that whether he agrees with the existing case law, that it's an infringement on his liberty or not. Nobody who was a party to his guilty plea and judgment had any control over the operation of the registration requirement. Ms. Barnes, if the, if the claim, if, if we would find that the claim lacks merit, is the standing issue even relevant? I would maintain that the standing issue is always relevant because if you're seeking relief under the act, you're obligated to follow the parameters of the act. So I guess my position would be that the standing issue means that you don't have to look at the merits. However, if you do look at the merits, and I don't know that I'm legitimately allowed to discuss it because I did not brief it, but the basic truth is the record refutes his claim because we know from the factual basis of the plea that the young, the young babysitter talked to the police and it was based on what she told the police that they took his, his computer. So whatever was on the computer was not the only evidence. The young lady told him that told the police officer what the defendant had shown her and told, and told her at the point that he showed it to her, that some of the people on those were younger than she was. And she was 13 at the time. So my understanding of post conviction at, at the pleading stages. And however, we look at this petition, it was at a pleading stage is we all take well-pleaded facts as true, but well-pleaded facts do not include things that are already refuted by the record. So to the extent that he would want us to believe that he does not, he did not know that the image was on there because it was in a temporary file. The fact that he showed it to someone obviates his claim. It makes his claim not a well-pleaded fact. The flip side of that is the trial court in looking at a verified pleading and listening to the defendant speak, accepted the defendant's version that this was a successful petition. And as a courtesy advised the defendant that he had to file a motion to seek leave. I think that we, we have a problem. If we're going to say we take well-pleaded facts is true in one instance, but we don't take them as true in the other instance. Well, isn't it incumbent upon the court to, to proceed correctly when it comes to procedure in a case? I think in truth, I don't know what was available to the court. Again, this case is 20 years old. He served his 30 months term of imprisonment many, many years ago. He did not do a direct appeal. I don't know that any of his 214-01 petitions were appealed. And so like counsel says that all, all the court had to do is look at the record of an appeal. Well, the implication is we know he didn't do a direct appeal. I don't know if he appeals anything else. I don't know that there was a record of appeal ever, ever prepared prior to this action. So I do not know in Winnebago County, how much was available in a 20 year old case that a court would be able to simply pull the file and go through quickly. I remember back, back when I used to work at the office of the attorney general, they used to send stuff to storage. I don't know if any of the counties have the resources to send things to storage, other than perhaps like big murders that you know, you're going to be keeping track of for decades. And I'm sorry, I don't know if that answered your question or not, but again, I don't know what the court had available. Again, because I submit that this case rises and falls on standing. If your honors have no other questions, I will continue to maintain the defendant has no standing under the act to be here. So the issue of whether or not this was in fact his first post conviction petition, in your opinion, has no relevance. If it has relevance at all, it's only secondary. I'm sorry. I apologize. Are you done answering the question? I, I guess I'm guessing that I believe that it's a secondary concern that you would only get to if this court determined that he had standing to even be before the court. Okay. Now my question to the panel is, are there any other questions? I apologize. I have none. Thank you. None from me, Justice McClaren. Thank you. Thank you. Mr. Rizzo, you may proceed. Thank you. The first point I want to make is council has stated that the petitioner's claim of actual innocence is refuted by the record based on the factual basis. Now the factual basis does indicate that the complainant told the police that Mr. Wilson showed her an image and said that there were children younger than her on it. We don't know what image that was. We don't know if that's true. We don't know that this is the same. We have no showing that this is the file that they found that they actually determined was child pornography. I have, we have no idea what image this was, that it was shown to this, this girl. If I understand your question or your statement, you say we don't know if the facts are true or the factual basis is true. If we don't know that it's true, then that probably means that the record can never refute any allegation contained in a petition on a basis that despite the fact that the factual basis is put forth in the record and the defendant nor council contested, it is still not proven. Is that your argument? No. In this case, because the evidence of this temporary file only came up years, like it was only discovered by the defendant 10, some 10, some years after the guilty plea. At the time this factual basis was given, it made no reference whatsoever to the fact that the charge was based on a file found in a temporary file. So we don't know that the, what is referred to in this factual basis even relates to this single file that they determined was actually child pornography. We don't know any more than what the girl said that if that he's, that he said that there were, there were children in it. My point being that he, because we didn't know because the state didn't let the court or the actually indicated that there was only a single file found in a temporary folder that the factual basis is not, it's not, it's not, it does not comport with what's in the, in that police report that was not discovered until Mr. Wilson filed a FOIA request to get it. Let me ask you this, Mr. Rizzo, Ms. Burns takes a position, it's standing. There is no standing. He served his sentence. He never filed this until too late. How do you respond to that? Well, he's out, right? He's no longer on supervisor loose probation, anything. Right. So it comes back down to, as counsel stated, the restraint on liberty. And the argument here is that he is still under the restraint of the liberty based on his plea agreement that included this requirement of registration. Now, back, back when he, back when he pled guilty, back when he was under probation, he didn't, he wasn't able to raise this issue back then. He wasn't able to claim this actual innocence argument because of the fact that it wasn't until 10 years later, he found this police report that no one ever brought out into court. So he didn't have the chance when he was under probation to bring this up. And now that he, he's no longer under probation, but he is still under the, the restraint of the sex offender registration act. And I know that the cases have stated that it's not a punishment. Going back to cases like Malcho and Adams, that SORA is not a punishment. I would just argue that those cases at the time that they were decided in the language of those cases, they talk about things like it's not a restraint on liberty because the dissemination of this information is so limited. It's going to go to the police department and daycares, and it's not going to be everyone knowing about this. This is not going to affect the defendant in a punitive sense, because nobody's going to find out outside of the police realm. Of course, now we know that's not the case. Now you can easily go on the internet and that would support the argument that his liberty continues to be restrained, although he's no longer under probation. And just one other point I wanted to make regarding what the judge below knew at the time of the dismissal. I don't believe he probably did have an entire appellate record to look through, but I certainly probably had the docketing statement, which is in the record now. You can see it's like 10 or 15 pages that he could have gone through to determine that there had been no prior post-conviction petition. Ma'am, your time is up. Okay, sorry. Thank you. We would just ask that you remand for second stage proceedings. Thank you. Are there any other questions? I don't have a question. I have an observation, and that is relative to the issue of whether or not a minor who was sentenced to a de facto life sentence of imprisonment was deemed to have been diligent on the basis that they couldn't have raised, or he or she couldn't have raised the case on point. And the case law has been developed to indicate that the fact that there is now a case that says something that tends to support a position doesn't mean that the defendant, as in this case, couldn't have raised the same issue in his own case earlier. And so I'm trying to suggest that in the future, you don't use the argument that he was diligent because he didn't know what he was supposed to be doing until such case came around that said what he was doing or should have been doing. He finally did. The fact that there's a case that supposedly supports a position that didn't exist at the time that time was of the essence or was apt is not an excuse. It's maybe a reason why he's coming before us, but it doesn't excuse lack of diligence. And so please, when I'm on the bench or on the panel, don't make that argument because it's not correct based upon the present law. You understand what I'm getting at? Yeah, I do. But it wasn't the development of the case that brought his argument. It was the finding of the police report. It was the police report that triggered the fact that he then there was was this temporary file. It wasn't because the case came out that he then decided to file the petition. I guess I misunderstood your diligence argument, which was that the case relating to the temporary internet file argument didn't exist at a point in time when he could have raised it himself. And therefore, if in that frame of reference, time-wise, he would have been much earlier than the case and therefore probably at least a little bit more diligent than he was. No, that was not the argument. The argument was that at the time that he was under probation, he didn't know about the police report that said that there was only this one temporary file. All he knew was what he was told at the factual basis, which was not the same. So it was not until 10 years later when he would have been off of probation and then already confronted with the standing issue. It was only then that he was able to raise this issue because he was aware of it because he obtained this police report. It was not based on the case. Okay, then I will respond as Roseanne Rosanna used to say, and that is never mind. I have no further questions. Are there any other questions? I have none. Mary. Okay, thank you. We will take the case under advisement and render a decision hopefully in